ESSEX INVESTMENT COMPANY, PROSECUTOR, v. BOARD OF COMMISSIONERS OF THE CITY OF NEWARK, DEFENDANT.

Submitted January 21, 1936—Decided March 2, 1936.

Before Justices PARKER, CASE and BODINE.

For the prosecutor, *William F. Nies*.

For the defendant, *Jules E. Tepper*.

PER CURIAM.

This is a zoning case. Prosecutor seeks to establish a gasoline and automobile service station at the westerly corner of Bergen street and Sheerer avenue, in Newark. The premises lie in the district called in the zoning ordinance the second business district, wherein the desired use is prohibited. The zoning enforcement officer refused a permit; the board of adjustment on appeal reversed this and recommended a permit, limited to eight years; the board of city commissioners after a hearing and a rehearing, disapproved the recommendation of the board of adjustment, and refused a permit, under authority of the statute. *Pamph. L.* 1928, *ch.* 274, § 9; *Cum. Supp. Comp. Stat.* 1925-1930, § *136-4200J(9). That refusal is challenged under this writ.

The usual constitutional reasons are argued, deprivation of property, due process of law, equal protection of the laws, &c. They have been considered in this, as in many previous cases. The jurisdiction to restrict the use is now too well settled

under our constitutional amendment and act of 1928 to require discussion. The determinative question seems to be, did the city commission act unfairly, arbitrarily, and without affording a proper hearing? We are clear that they did not. There were two separate hearings, at which the commission heard all that the prosecutor undertook to present. It appears satisfactorily that within three blocks on Bergen street there are two other fully equipped gas stations, and three garages where gasoline and oil are sold. Some months previously this prosecutor and a competing concern applied and were refused. The commission held, and we think properly, that the existing facilities were ample, and that additions to them would depreciate property values—a feature specifically covered by the statute. *Gabrielson* v. *Glen Ridge,* 13 *N. J. Mis.* 142; 176 *Atl. Rep.* 676. The burden of showing its action unreasonable is on the prosecutor, and we do not think this has been shown.

The writ will be dismissed, with costs.